UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK EDWARD IMMEKUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14 CV 404 DDN |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

By order entered November 28, 2016, the court dismissed petitioner's motion for a writ of habeas corpus under 28 U.S.C. § 2254 and denied a certificate of appealability. (ECF Nos. 13 and 14). Petitioner now seeks a certificate of appealability (ECF No. 16), leave to file an appeal in forma pauperis (ECF No. 17), and an order staying the action and an order for respondent to show cause (ECF No. 18).

This action has been fully litigated on its merits, and this court has issued a judgment explicitly finding that petitioner did not make a substantial showing of the deprivation of a constitutional right. (ECF Nos. 13 and 14). A certificate of appealability should issue only if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Supreme Court has interpreted to mean that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner's motion for a certificate of appealability will be treated as a motion for reconsideration of the court's earlier order denying habeas corpus relief and a certificate of appealability. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v.*

*Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). The motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care v. P.T.-O.T. Associates*, 141 F.3d 1284, 1286 (8th Cir.1998) (citations omitted). "A district court has broad discretion in determining whether to grant a motion to alter or amend judgment." *Hagerman*, 839 F.2d at 413. A motion to alter or amend the judgment must be filed no later than 28 days after judgment has been entered. Fed. R. Civ. P. 59(e).

Petitioner's motion was not timely filed, though the prison mailbox rule might apply to this motion. *See Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001); Fed. R. App. P. 4(c). Even if it were timely, petitioner argues in his motion that he was wrongfully charged with the general crime of assault rather than the specific crime of domestic violence, which he alleges would affect the enhancements applicable to his sentence under Missouri law. (ECF No. 16) (citing *State v. Dowdy*, 774 S.W.2d 504, 510 (Mo. Ct. App. 1989); Mo. Rev. Stat. §§ 565.050, 565.060, 565.072, 565.073). These arguments were not raised in his petition, and a motion to reconsider is not an opportunity to reargue the case and may not be used to argue a new legal theory. Petitioner's arguments are not the product of new evidence, nor do they appear to reveal manifest errors of law or fact.

After careful review of the record and petitioner's motion for a certificate of appealability, the undersigned does not believe that reasonable jurists would find the court's assessment of the grounds presented in this case debatable or wrong. *See id*.

Therefore,

**IT IS HEREBY ORDERED** that the pro se motion of petitioner for a certificate of appealability (ECF No. 16) is denied.

However, because his appeal appears to be taken in good faith,

**IT IS FURTHER ORDERED** that the motion of petitioner for leave to continue to proceed in forma pauperis (ECF No. 17) is sustained. Fed. R. App. P. 24(a) (3).

As petitioner does not appear to have any pending state cases,

**IT IS FURTHER ORDERED** that his motion to stay and to order respondent to show cause (ECF No. 18) is denied as moot.

The Clerk of this Court is directed to transmit a copy of this order to the United States Court of Appeals for the Eighth Circuit.

       /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 11, 2017.